I am authorized to say that Justice KIRSHBAUM joins in this special concurrence.

INDIANA LUMBERMENS MUTUAL INSURANCE CO., an Indiana corporation, Petitioner,

v.

The CITY OF GOLDEN, Respondent.

No. 92SC102.

Supreme Court of Colorado,
En Banc.

Feb. 23, 1993.

### ORDER OF COURT

Upon consideration of the Record on Appeal, together with the Written and Oral Arguments of Counsel, and now being sufficiently advised in the premises,

IT IS THIS DAY ORDERED that the Writ of Certiorari heretofore granted be, and is, DENIED as being improvidently granted.

ROVIRA, C.J., dissents.

In re the MARRIAGE OF David BOOKOUT, Petitioner,

and

Deanne M. Bookout, Respondent.

No. 92SC158.

Supreme Court of Colorado,
En Banc.

Feb. 23, 1993.

### ORDER OF COURT

Upon consideration of the Record on Appeal, together with the Written and Oral Arguments of Counsel, and now being sufficiently advised in the premises,

IT IS THIS DAY ORDERED that the Writ of Certiorari heretofore granted be, and is, DENIED as being improvidently granted.

ROVIRA, C.J., dissents.

Ron Adam SEIGLER, Petitioner,

v.

The PEOPLE of the State of Colorado, Respondent.

No. 92SC28.

Supreme Court of Colorado,
En Banc.

Feb. 23, 1993.

*Denver,* 159 Colo. 134, 138, 410 P.2d 644, 646 (1966). However, there is no absolute prerequisite of "some physical improvement or change of character" to establish an unconstitutional "damage."

In my view, if Northglenn had deprived Grynberg of his right of access to the surface estate, Grynberg would have been able to establish a claim for an unconstitutional "damage." In such a case, Grynberg would clearly suffer a unique or special injury (the deprivation of his right of access), despite the lack of physical improvement or change of character in the surface estate.

## ORDER OF COURT

Upon consideration of the Record on Appeal, together with the Written and Oral Arguments of Counsel, and now being sufficiently advised in the premises,

IT IS THIS DAY ORDERED that the Writ of Certiorari heretofore granted be, and is, DENIED as being improvidently granted.

ROVIRA, C.J., dissents.

